1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   ANGELA FAN,                      )        Case No.: C 10-0879 PVT
                                      )
13                    Plaintiff,      )        **ORDER DISMISSING CASE WITH LEAVE**
                                      )        **TO AMEND**
14          v.                        )
                                      )
15   SUPERIOR COURT OF SANTA CLARA,   )
     et al.,                          )
16                                    )
                      Defendants.     )
17   _____ )

18          Plaintiff filed this action on March 1, 2010, along with an Application to Proceed *In Forma*

19   *Pauperis*.  On March 8, 2010, this court set a deadline of April 2, 2010 for Plaintiff to file either a

20   "Consent to Proceed Before a United States Magistrate Judge," or else a "Declination to Proceed

21   Before a United States Magistrate Judge and Request for Reassignment."  At the Plaintiff's request,

22   the court granted several extensions to that deadline to allow her time to file an amended complaint.

23   On July 21, 2010, Plaintiff filed a consent to Magistrate Jurisdiction.  Plaintiff also filed a motion to

24   stay the case to allow her additional time to file her amended complaint before the court rules on

25   Plaintiff's pending Application to Proceed *In Forma Pauperis*.  The court granted an extension of

26   time, and set a deadline of September 28, 2010 for Plaintiff to file an amended complaint.  The court

27   also continued the Case Management Conference to November 16, 2010, and set a deadline of

28   November 9, 2010 for the parties to file their Case Management Conference statements.  The court

1   expressly ordered that no further stays would be granted absent a showing of good cause.

2        Plaintiff failed to file any amended complaint by the September 28, 2010 deadline.  Instead,

3   on October 5, 2010, Plaintiff filed a motion to extend the stay.  In her supporting declaration,

4   Plaintiff said she was unable to amend her complaint because she is struggling through a devastated

5   life and being harassed and terrorized 24 hours a day 7 days a week.  She stated that she anticipated

6   submitting a supplemental declaration with the details of her devastated life and the situation she has

7   been struggling through.  As of the date of this order, Plaintiff has not filed any such supplemental

8   declaration.  Nor did Plaintiff file any Case Management Conference statement by the November 9,

9   2010 deadline set by the court.

10       Based on the only complaint Plaintiff has filed herein,

11       IT IS HEREBY ORDERED that this case is DISMISSED with leave to amend.  Any

12  amended complaint must be filed no later than December 14, 2010, and served on Defendants

13  promptly thereafter.  If no amended complaint is filed by December 14, 2010, the clerk of the court

14  shall close the file.

15       A federal court must dismiss an *in forma pauperis* complaint if the complaint is: 1) frivolous;

16  2) fails to state a claim on which relief may be granted; or seeks 3) monetary relief against a

17  defendant who is immune from such relief.  See, 28 U.S.C. § 1915(e)(2).

18       In the present case, Plaintiff seeks relief under 42 U.S.C. §§ 1983 and 1985 for various court

19  judgments and orders, and for the disclosure of her confidential information on the Santa Clara

20  County Superior Court's public access website.

21       To the extent Plaintiff's complaint is based on the disclosure of Plaintiff's confidential

22  information on a public access website in or around January or February of 2008, Plaintiff's claim is

23  time-barred.  In California the statute of limitations for both tort claims and Section 1983 claims is

24  two years.  *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (statute of limitations for Section

25  1983 claims is based on the forum state's statute of limitations for personal injury claims), and

26  Cal. Civ. Proc. Code § 335.1 (California's statute of limitations for personal injury claims is two

27  years); *see also, McDougal v. County of Imperial*, 942 F.2d 668, 670 (9th Cir. 1991) (statute of

28  limitations for Section 1985 claim is also governed by state's statute of limitations for personal

injury claims).  The statute of limitations period begins "when the plaintiff knows or has reason to know of the injury that is the basis for the action."  *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  Here, Plaintiff states she presented written claims on January 23, 2008 and February 22, 2008 regarding the disclosure of her confidential information.  Thus, Plaintiff had reason to know of the injury that is the basis for her claim no later than January 23, 2008.  Plaintiff filed this action on March 1, 2010, over two years after she learned of the disclosure of her confidential information.

To the extent Plaintiff seeks review of judgments and orders issued by state court judges, this court lacks jurisdiction.  As the Ninth Circuit explained in *Dubinka v. Judges of Sup.Ct.*, 23 F.3d 218, 221 (9th Cir.1994):

> "Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts).  This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State."  This rules applies even when the state court judgment is not made by the highest state court, *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986), and when the challenge to the state court's actions involves federal constitutional issues. Feldman, 460 U.S. at 484-86, 103 S.Ct. at 1316-17."

To the extent Plaintiff seeks to have this court review any decision of the United States Supreme Court, Plaintiff cites no authority which would provide this court with such appellate jurisdiction over the Supreme Court.  On the contrary, because the District Court is inferior to the Supreme Court, it is bound by the decrees of that Court in particular cases as "law of the case."  *See, e.g., Vizcaino v. U.S. Dist. Court for Western Dist. of Washington*, 173 F.3d 713, 719 (9th Cir. 1999); *see also, In re Sanford Fork & Tool Co.*, 160 U.S. 247, 259 (1895) (It must be remembered, however, that no question, once considered and decided by this court, can be re-examined at any subsequent stage of the same case").  Plaintiff may not avoid this "law of the case" rule by means of a collateral attack under the guise of a civil rights complaint.

To the extent Plaintiff seeks to sue state and federal judicial officers for damages based on acts done in their judicial capacity, those Defendants are immune from suit.  *See Mireles v. Waco*,

1   502 U.S. 9, 11 (1991); *see also, Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)

2   ("This immunity applies even when the judge is accused of acting maliciously and corruptly").

3        Granting Plaintiff leave to amend her complaint is warranted.  Courts must give *pro se*

4   litigants an opportunity to amend their complaint unless it is absolutely clear that no amendment

5   could cure the defect.  *See, Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  While it

6   seems unlikely that Plaintiff can amend her complaint to state viable causes of action against any of

7   the Defendants, from the sparse allegations in the complaint the court is not inclined to find it

8   "absolutely clear" that there are no amended claims that could state a cause of action upon which

9   relief could be granted.  Thus, although the court has already provided Plaintiff with a substantial

10   amount of time to amend her complaint, the court finds it appropriate to afford Plaintiff one last

11   chance to do so.

12   Dated:   *11/15/10*

13                                            PATRICIA V. TRUMBULL
                                         United States Magistrate Judge

1

2 copies mailed on   *11/16/10*          to:

3 Angela Fan
Post office Box 2226
4 San Jose, CA 95109

5
                                        */s/  Donna Kirchner      for*
6                                        OSCAR RIVERA
                                        Courtroom Deputy
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28